**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ———————————————— ) | |
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CRIMINAL ACTION** |
| ) | **NO. 4:19-40024-TSH** |
| **GRACE KATANA,** ) | |
| **Defendant.** ) | |
| ———————————————— ) | |

<u>**FINDINGS AND ORDER ON DEFENDANT'S MOTION TO SUPRESS THE SEIZURE**
**AND SEARCH OF A TELEPHONE (Docket No. 72)**</u>

**January 19, 2021**

**HILLMAN, D.J.**

Grace Katana ("Defendant") is charged with conspiracy to interfere with interstate commerce by robbery in violation of 18 U.S.C. § 1951. He moves to suppress the search for, and seizure of, his telephone and the results of a search conducted on that telephone.[1] (Docket No. 72). For the following reasons, the Court **denies** the motion.

<u>**Background**</u>

On June 5, 2019 Alcohol, Tobacco, Firearms, and Explosives Special Agents and State Police officers traveled to 56 Blueberry Hill Road, Webster Massachusetts to serve an arrest warrant on the Defendant Grace Katana. As the law enforcement officers approached the front door of the residence to serve the warrant, they saw, through the windows, the Defendant inside the house sitting with other individuals in a living room area. The officers knocked on the door and announced they were law enforcement and that they had an arrest warrant for the Defendant.

---

[1] At oral argument the Defendant did not contest that the affidavit in support of the warrant for the phone contents was adequate. The only challenge presented was whether the search for, and seizure of the cellphone was constitutional

As soon as the door was opened they entered the premises, secured the Defendant, and escorted him from the home to a police vehicle.  After the Defendant was escorted from the home, ATF Agent Ventetuolo remained in the foyer answering questions that the Defendant's sister was asking about the process that was about to take place and whether the Defendant would be admitted to bail.

While Agent Ventetuolo was in the foyer speaking with the sister, he noticed a cellphone on a coffee table near where the parties had been seated. He watched one of the Defendant's brothers pick up the phone but did not see what he did with it.  The Agents were aware that Katana's cellphone, which used telephone number (508)615-1238 was used to help plan the home invasion for which he was being arrested.  Specifically, the phone was used by Katana to provide co-Defendant Junior Melendez with information about the intended victim of the home invasion. Ventetuolo dialed that number and a phone in the brother's pants pocket began to ring and was subsequently seized.  Thereafter a search warrant was obtained for the contents of the cell phone. The agents estimate that they were not in the house more than five minutes.

### Discussion

*Whether the agent's calling of the phone number was a search within the meaning of the Fourth Amendment?*

The Defendant's principle argument is that the conduct of the agents in dialing the Defendant's cellphone was a warrantless search to find that cellphone and violative of the Fourth Amendment.[2] The application of the Fourth Amendment depends upon whether the person invoking its protection can claim a justifiable, a reasonable, or a legitimate expectation of privacy that has been invaded by government action. *Smith v. Maryland*, 442 U.S. 735, 740

.

2

(1979). The Supreme Court has previously held that "a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Id.* at 743-44. The First Circuit has held that "an individual has no reasonable expectation of privacy in a service provider's records of the phone numbers that he has dialed *or from which he has received calls. Johnson v. Duxbury,* 931 F.3d 102, 107 (1st Cir. 2019) (emphasis added).

The First Circuit Court has never specifically addressed whether or not a law enforcement officer dialing what they believe to be an individual's cellphone number constitutes a search under the Fourth Amendment. The Southern District of Indiana has ruled on a similar set of facts wherein a law enforcement officer located a target's phone when they dialed the target's phone number, heard it ring, and saw it lying within their plain view. *U.S. v. Bermudez*, IP05-0043-CR05-BF, 2006 WL 3197181 at *13 (S.D. Ind. June 30, 2006). That court observed that since cell phone signals are knowingly exposed to a third-party, the third-party being the cell phone company, there is no expectation of privacy.

A person has no legitimate expectation of privacy in their phone number given that it is shared with cellphone providers and other users.  Thus, while the Katana phone was not in plain view when it was dialed, the act of dialing the defendant's phone number does not constitute a search under the Fourth Amendment.  If a person wanted to keep their cell phone's location private, they could do so by turning off the phone.  By having the phone turned on, a person allows any third party to call them. Because a person has no reasonable expectation of privacy in their phone number, dialing that number does not constitute a search under the Fourth Amendment.

*Was the warrantless seizure of the cell phone violative of the Fourth Amendment?*

While the dialing of the phone does not constitute a search under the Fourth Amendment, the seizure of that phone does implicate Fourth Amendment concerns.   The Fourth Amendment protects the rights of persons to be free from unreasonable searches and seizures against their persons, home, and property, and warrantless searches and seizures are *per se* unreasonable unless a specific exception applies.  *Arizona v. Gant*, 556 U.S. 332, 338 (2007).

   To permit a search without a warrant based on probable cause the officer conducting the search must have reasonable and probable cause to believe that he will find the instrumentality of a crime or evidence pertaining to a crime.  *Dyke v. Taylor Implement Mfg. Co.,* 391 US 216 (1968).  In addition to the probable cause, there must also exist exigent circumstances in which it would not be practical to obtain in a warrant *Coolidge v. New Hampshire*, 403 US 443 (1971).

   This exigent circumstance exception provides that when probable cause has been established to believe that evidence will be removed or destroyed before a warrant can be obtained, a warrantless search and seizure can be justified.  A non-exhaustive list of the factors that may be considered in determining whether exigent circumstances for warrantless search existed include:

(1)  the degree of urgency involved and the amount of time necessary to obtain a warrant;
(2)  the reasonable belief that the contraband is about to be removed;
(3)  the possibility of danger to the police officers guarding the contraband while the search warrant is sought;
(4)  information that possessors of the contraband are aware that the police are on their trail;
(5)  the destructability of the contraband and knowledge of efforts to dispose of the contraband.

*USA v. Morales* 171 F3d 978 (6th Cir. 1999).

The agents who arrested Katana were aware that his phone had been used to plan the home invasion via detailed intercepted phone calls.   They observed a cell phone near where the Defendant had been seated prior to his arrest, they observed his brother pick a phone up, and

heard a phone in his pants ring when they dialed Katana's number.  It was reasonable for the law enforcement officers to believe that Katana's cell phone was going to be removed from the premises, and/or destroyed.  "(L)aw enforcement officers may conduct a search without a warrant to prevent the imminent destruction of evidence*."  Cupp v. Murphy*, 412 U.S. 291, 296 (1973); *Ker v. California*, 374 U.S. 23, 40-41 (1963).   In order to determine whether the officers faced an emergency that justified acting without a warrant, the totality of the circumstances must be considered*.  Brigham City, v. Stuart* 547 U.S. 398, 406 (2006).  Here the totality of the circumstances plainly tilts in favor of the seizure.  I find that the officers had probable cause to seize the phoneand that exigent circumstances, namely the immenent removal of the phone by Katana's brother made the obtaining of a warrant impractical.

## Conclusion

For the reasons above, the Court ***denies*** Defendant's motion to suppress.  (Docket No. 55).

**SO ORDERED**

/s/ *Timothy S. Hillman*
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**